UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUBEN SANCHEZ, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-3837-O (BF) |
| § | |
| WELLS FARGO BANK, N.A. et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b) and Special Order 3, this case has been referred to the United States Magistrate Judge. Before the Court is the Motion to Dismiss ("Motion to Dismiss") filed by Defendants Bank of America, N.A. ("Bank of America") and Wells Fargo Bank, N.A., as Trustee for the Park Place Securities, Inc., Asset-Backed Pass Through Certificates, Series WCW2, by and through its authorized servicing agent, Bank of America, N.A. ("Wells Fargo") (collectively, "Defendants") [D.E. 5]. Plaintiff Ruben Sanchez ("Plaintiff") failed to file a response, and the time to do so has expired. For the following reasons, the undersigned recommends that the Court GRANT Defendants' Motion to Dismiss [D.E. 5].

**BACKGROUND**

This *pro se* action arises out of a mortgage loan Plaintiff obtained for a residence located at 1726 Pisces St., Grand Prairie, Texas 75051. *See* Compl. [D.E. 1-3 at 1]. On August 19, 2013, Plaintiff filed his Complaint in the 95th Judicial District Court in Dallas County, Texas seeking quiet title and declaratory relief. *See* Compl. [D.E. 1-3 at 9-10]. On September 20, 2013, Defendants removed this action to this Court. *See* Notice of Removal [D.E. 1]. On September 26, 2013, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

("Rule 12(b)(6)") [D.E. 5].

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." While a court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint does not need to have detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his or her "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A defendant may seek a dismissal under Rule 12(b)(6) if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 678.

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a Rule 12(b)(6) motion to dismiss, a

court takes as true all the facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*, 224 F.3d at 498 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)); *Twombly*, 550 U.S. at 555-56. A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## ANALYSIS

### 1. Quiet Title

In a suit to quiet title under Texas law, "a plaintiff must allege 'a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.'" *Reynolds v. Bank of Am., N.A.*, No. 3:12-CV-1420-L, 2013 WL 1904090, at *7 (N.D. Tex. May 8, 2013) (quoting *Hahn v. Love*, 321 S.W.3d 517, 521 (Tex. App.-Houston [1st Dist.] 2009, pet. denied)). The elements of a cause of action to quiet title under Texas law are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012)(citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.-Texarkana 1991, writ denied)). "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.)). Moreover, Plaintiff "has the burden of establishing [his] 'superior equity and right to relief' relying on the strength of [his] own title, not the inferiority of [Defendants'] title." *Id.* (quoting *Hahn*, 321 S.W.3d at 531).

3

Defendants argue that Plaintiff fails to state a cognizable quiet title claim because: (1) Plaintiff does not base his claims on the strength of his own title, but merely asserts that the assignment of the deed of trust was untimely and invalid under the terms of the Pooling and Servicing Agreement ("PSA"); and (2) Plaintiff does not allege that he is current on his mortgage payments, which is required to prevail on the claims Plaintiff asserted. *See* Mot. to Dismiss [D.E. 5 at 4-5]. In asserting his quiet title claim, Plaintiff alleges that the interest on the subject property claimed by Defendant True Street Holdings, LLC ("True Street") is void for the following reasons: (1) the interest in the property asserted by True Street comes from a quit claim deed which does not carry a guarantee that the title to the real estate is free and clear of any liens or encumbrances; (2) the "quitclaiming" of the property and the transfer of the interest by Bank of America to True Street before adjudication of ownership constitutes a cloud upon Plaintiff's title; and (3) Plaintiff's property was not transferred into the trust until 2011, but the PSA requires the transfer to be made by September 3, 2004. *See* Compl. [D.E. 1-3 at 9].

As Defendants point out, Plaintiff's allegations with respect to his quiet title claim are not based on the strength of his own title but merely rely on the theory that the transfer of the property was untimely and invalid. *See id.* [D.E. 1-3 at 9]. Further, Plaintiff does not allege that he is current on his loan payments and not in default such that he would have an interest in his home that is superior to that of any lien holder seeking to foreclose. Thus, Plaintiff has failed to state a claim for quiet title upon which relief can be granted. *See Cruz*, 2012 WL 1836095, at *4 (dismissing quiet title claim where plaintiff failed to allege facts that, if true, would establish superior title).

2. Declaratory Judgment

Plaintiff seeks declaratory relief regarding the parties' interest in the subject property. *See*

4

Compl. [D.E. 1-3 at 9-10]. "In light of removal, the action may be construed as one brought under the federal Declaratory Judgment Act." *Marban v. PNC Mortg.*, No. 3:12-CV-3952-M, 2013 WL 3356285, at *11 (N.D. Tex. Jul. 3, 2013) (*quoting Bell v. Bank of Am. Home Loan Servicing L.P.*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012)). Plaintiff's request for declaratory relief is dependent upon the assertion of a viable cause of action. *See Marban*, 2013 WL 3356285, at *11 (The Declaratory Judgment "Act 'does not create a substantive cause of action' and 'is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law.'" (quoting *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:03-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009)). Because Plaintiff has failed to allege facts to support any claim upon which relief can be granted, his request for declaratory relief cannot survive. See *Marban*, 2013 WL 3356285, at *11 (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendant's Motion to Dismiss [D.E. 5], and dismiss Plaintiff's claims against Defendants Wells Fargo and Bank of America with prejudice pursuant to Rule 12(b)(6).[1]

---

1. Ordinarily, the Court would allow Plaintiff to amend his complaint in an attempt to cure the pleading defect identified by Defendants. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, Plaintiff never sought leave to amend his initial pleading, even after Defendants pointed out the deficiencies in their Motion to Dismiss. Nor did Plaintiff respond to Defendants' Motion to Dismiss. The undersigned therefore determines that Plaintiff is unwilling or unable to amend his complaint in a manner that will avoid dismissal of the claims against Bank of America and Wells Fargo and that dismissal with prejudice is appropriate for these claims. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).

**SO RECOMMENDED**, this 20th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).